JULIA A. COLLINS, ET AL. *v.* JAMES M. RICHART, ET AL.

**Compromise Settlement.**

> One holding a note of $800 and a lien on the land of a married woman as security, where the claim is questioned, who makes a compromise with the husband for the .benefit of the married woman by which the claim is reduced $300 and he accepts in compromise the note of another for the balance, can not thereafter disregard the compromise and recover on his $800 claim. A lien thus abandoned can not be enforced.

APPEAL FROM BATH CIRCUIT COURT.

February 14, 1884.

OPINION BY JUDGE PRYOR:

In the investigation of the facts of this record with a view of realizing the merits of the controversy it is made manifest from the testimony of G. H. Goodpaster that the compromise made by Josiah Collins and the defendants, Collins and wife, was for the benefit of Mrs. Collins. He effected the compromise at the instance of Pat Collins, the husband of the female appellee, by which the claim of Josiah Collins was reduced from near $800 to $500. This relieved the land of Mrs. Collins upon which the lien existed from the payment of all but this latter sum. Of this $500 Collins or his wife, it is immaterial which, paid the sum of $80, reducing the claim to $420, for which the appellee, Manly, executed his note. Manly admitted to Goodpaster and others that the compromise was for the benefit of the wife of Pat Collins, and any other theory of the case would not only be inconsistent with the facts but with the ·relation the parties occupied the one to the other. The land was amply sufficient to pay the lien debt to Josiah Collins, and why should he reduce his claim to $500 in favor of Manly to enable

the latter to make the entire debt out of the land of Mrs. Collins when he was under no obligation to favor Manly, but was, as the proof conduces to show, inclined to favor Mrs. Collins by reducing his claim so as she might be able to pay the debt? The entire proof as well as the circumstances connected with the transaction established the fact that the wife of Pat Collins was the party to be benefited by the compromise and not Manly, who afterwards prosecuted the claim of Josiah Collins to a judgment and sold the land for the full amount of the Josiah Collins claim. This he had no right to do. It was a violation of the terms of the compromise, and a sale by Manly of the land of Mrs. Collins for a sum of money she did not owe.

The testimony also conduces to show that the order on the turn-pike company was to be taken in satisfaction of the balance due, and this order, although paid by the company, found its way to the hands of the assignee of the note in controversy, but seems to have been credited on other claims of Manly against Pat Collins and not on the land debt due by Mrs. Collins. It is unreasonable to suppose that Mrs. Collins, with a knowledge of her rights, would have accepted a deed for her own land from Manly, and at the same time agree to pay him near $1,000, not a cent of which sum was owing by her. That Nesbitt wrote the deed and note believing that it was a bona-fide transaction did not make it so. It is not pretended that he was familiar with or knew of the nature of the claim of Mrs. Collins, or that the assignee of the note knew of the manner in which the rights of this married woman had been disregarded. The assault on the personal integrity of Pat Collins can not affect the decision of the question involved because he is sustained by witnesses whose intelligence and veracity have not and can not be questioned. Besides, his neighbors, many of them, sustain his character for veracity in such a way as would require a court or jury to consider his testimony. Aside, however, from his statements there is no doubt but that the order and the $80 were to be credited on the land debt, and Manly had no right to apply either to the payment of the debts due by Pat Collins in order that he might subject the land of the wife to the payment of the husband's debts.

As to the assignee of the note, as the consideration has failed the question of diligence can not affect his claim against Manly, and we think it is evident that Mrs. Collins did nothing that would

estop her from showing that Manly had no right to assert a lien upon her land for her husband's debts. Manly had agreed to hold it for her, or rather had agreed that she should have the benefit of the compromise, and will not be allowed to reap all the benefits himself and then divert the payments made by the husband on the compromise debt to the payment of debts due by the latter in his own right. The note for $956.15 dated January 17, 1874, will be canceled so far as Mrs. Collins is concerned.

The judgment is *reversed* and cause remanded with directions to adjudge that the appellees have no lien on the land conveyed by Josiah Collins to Mrs. Julia Collins, and that she holds it, so far as Manly or his assignee is concerned, free from any lien.

*Reid & Stone, R. Gudgell & Son, for appellants.*
*John S. Hurt, B. D. Lacy, for appellee.*